LOTTINGER, Judge.
The petitioner, Norman Ei Wax, filed this suit against his collision insurer,- American Bankers Insurance Company of Florida, for the recovery of benefits under the insurance policy issued petitioner. The defendant denied the claim, and the Lower Court ■ rendered a summary -judgment against petitioner, dismissing this ■ action. The petitioner has taken this appeal.
The facts, as set forth in the pleadings, disclose that on or about April 14, 1960, the petitioner purchased a certain boat arid motor upon which he purchased a policy of collision insurance from the defendant. Subsequently, on or about July 23, 1960, petitioner replaced his motor with one of a larger horse-power for which he paid an additional premium to the defendant, and upon which an endorsement was issued by the' defendant increasing the coverage.
The original insurance policy which was issued by the -defendant,- and. a-jpórtion óf which is filed-in the record of this-'proceeding, discloses that coverage was for a period of thirty-six (36) months from April 13, 1960 until April 13, 1963. Subsequent *474 to the purchase of the larger motor, and on July 23, 1960, an endorsement was issued, the pertinent portions of which provide as follows:
“In consideration of an additional premium of $19.03 the following substitutions are hereby made.
Motor Serial #50518-08442 1959, 50 HP Evinrude is substituted for a 1960 75 HP Evinrude Motor Serial #50523-18747.
1960, 16' Larsen Fiberglass Boat, Serial #2957 is substituted for a 1960, 16' Larsen Fiberglass Boat Serial #2725.
The limits of liability for Coverage A shall be as follows:
Motor
From July 23, 1960 to July 23, 1961 900.00
From July 23, 1961 to July 23, 1962 720.00
From July 23, 1962 to April 23, 1963 720.00
Limits of Liability on all other coverages remains the same.”
On the bottom of the printed endorsement form is the following language: “All of the terms and conditions of this policy remain unchanged.”
On April 14, 1963, the motor and boat were wrecked and petitioner now files this suit contending that the effect of the endorsement issued on July 23, 1960, was to extend the period of the policy until April 23, 1963. The defendant filed an answer to which it attaches an affidavit by an official of the defendant insurance company and to which is also attached the first page of the outboard-inboard marine policy which sets forth the period as thirty-six (36) months terminating at 12:01 a. m. of April 13, 1963. The defendant moved for summary judgment contending that there was no genuine issue of fact or law involved, and the Lower Court granted the summary judgment, and dismissed the petitioner’s suit..
It is clear that the date of April 23, 1963, as set forth in the endorsement to this policy was a typographical error. The additional premium paid on this endorsement when a 75 horsepower motor was substituted for a 50 horsepower was because of the increased value of the larger motor. The endorsement clearly states that “In consideration of an additional premium of Nineteen and 03/100 (19.03) Dollars the following substitutions are hereby made”. Following this wording is language which is meant to replace the larger motor for the smaller one, although there are other apparent typographical errors in this endorsement as, from the reading thereof, the 50 horsepower motor was substituted for the 75 horsepower one. That this was an error is apparent from the allegations in the pleadings filed by petitioner. Following the language which was meant to make the substitution, we find the wording that “all other terms and conditions of this policy remain unchanged”. The endorsement refers to a policy which clearly sets forth the expiration date as April 13, 1963.
We do not believe that there is any genuine issue of fact presented in this suit, and we find no error on the part of the Lower Court in rendering the summary judgment herein.
For the reasons assigned, judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner. Judgment affirmed.